**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID A. HICKS,** | ) | **CASE NO. 4:15CV2118** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| **FEDERAL BUREAU OF PRISONS,** | ) | **ORDER** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court on Petitioner David A. Hicks' Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody.  (ECF #1). Respondent filed a Response and Motion to Dismiss, or Alternatively, Motion for Summary Judgment.  (ECF#6).  For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition.

<u>**FACTS**</u>

Petitioner is being held in custody at Federal Correctional Institution, Elkton in

Lisbon, Ohio.  Petitioner brings this Habeas Corpus action pursuant to 28 U.S.C. § 2241 to challenge the forfeiture of twenty-seven days of good-time credit.  Petitioner has exhausted his administrative remedies before filing this Petition.

In an Incident Report dated July 29, 2013, the Unit Manager at the prison in which Petitioner was previously incarcerated reported he had been listening to a phone call made by Petitioner on July 20, 2013, during which Petitioner made the following statement:

> [O]ur unit manager got punched, that was cool, wish I'd seen it ... asshole, complete asshole ... somebody is gonna show up at his house and kill him and his entire family.  He deserves it.  They'll never figure out who did it ...

The Incident Report was delivered to Petitioner on July 30, 2013.  Petitioner did not deny making the above statements to a Committee, but expressed regret.  On August 2, 2013, Petitioner was given notice that a hearing would be held and was also given a list of his rights at the disciplinary hearing.  Petitioner waived his right to have a staff member represent him and indicated on the notice form that he did not wish to have witnesses on his behalf.  The Discipline Hearing Officer (DHO) found that Petitioner violated IDP No. 299 – "Conduct which disrupts or interferes with the security and orderly running of the institution."  The DHO sanctioned Petitioner with the disallowance of 27 days of good conduct time.

## STANDARD OF REVIEW

A writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  "The statute [§ 2241] is an affirmative grant of power to federal

courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (citations omitted).  A petition under § 2241 may only be used by a federal prisoner to challenge the manner in which his sentence is being carried out (e.g., the computation of sentence credits or parole eligibility).  See *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir.1999);  accord *Peguero v. Hanson*, *4:14-cv-2642, 2015 U.S. Dist. LEXIS 45964 at *2 (N.D. Ohio, Apr. 8, 2015)* (Polster, J.)  As the revocation of the good conduct time affects the manner in which Petitioner's sentence is carried out, his Petition has been properly brought under § 2241.

## ANALYSIS

This court's ability to review prison disciplinary proceedings is limited.  See, e.g*., Mejia v. Warden, FCI Elkton, 2015 U.S. Dist. LEXIS 74537 (N.D. Ohio June 8, 2015)* (Nugent, J.)  The sole issue for the Court is to determine whether the prisoner received a hearing complying with the basic requirements necessary to satisfy due process – this standard is not a difficult one to meet.  See, e.g, *Peguero, 2015 U.S. Dist. LEXIS 45964 at *2 2015.*  In order to satisfy the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good conduct credits with the following:  (1) a written notice of the charges at least 24 hours prior to any hearing;  (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact-finders as to the evidence upon which the fact-finders relied and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539 (1972).

3

The Magistrate Judge points out in the Report and Recommendation that Petitioner was given written notice of the charges and the procedures, an opportunity to call witnesses and present evidence as well as a written statement of the evidence.  At the hearing Petitioner did not deny that he made the statement, only that it was not meant as a real threat.

In his Objections to Report and Recommendation, Petitioner states that there is nothing in prison regulations prohibiting an inmate from having an opinion or comment about the behavior of prison staff.  Petitioner claims in his Objections that his free speech has been violated and the incident report was untimely.

The Court agrees with the Magistrate Judge that although Petitioner attempts to characterize the revocation of his good conduct time as a denial of due process, it is really a challenge to the outcome of the hearing.  Petitioner was advised of his rights for the hearing and was given the opportunity to call witnesses and present evidence. Petitioner argues that there was not enough evidence to support the DHO's finding. However, the Court finds that there was enough evidence that Petitioner did make the statement that lead to the hearing.  Therefore, the Court finds that there was evidence to support the violation of IDP No. 299 and Petitioner was not denied due process.

For the foregoing reasons, the Court  **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, grants Respondent's Motion to Dismiss and dismisses Petitioner's Petition Under 28 U.S.C. §2241 for Writ of Habeas Corpus by a Person in Federal Custody.  The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).

4

**IT IS SO ORDERED.**


*s/Christopher A. Boyko*

**Date:7/27/2016**                          **CHRISTOPHER A. BOYKO**
                                            **United States District Judge**